We therefore are of opinion that the verdict and judgment against the lumber company should be reversed.

The verdict is not assailed as excessive in amount.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, in so far as it is against the Athens Lumber Company, and it is further ordered and decreed that plaintiff's suit and demand against said company be dismissed with costs, and that as thus amended the judgment appealed from be affirmed; costs of appeal incurred by the Athens Lumber Company to be paid by the plaintiff and the remainder by the defendant railroad company.

———

(41 South. 563.)

No. 15,954.

DÉCUIR et al. v. DÉCUIR et al.

(June 22, 1906.)

1. PARTITION—SALE—DEFAULT OF ADJUDICATEES—PROCEDURE BY RULE.

The sheriff and the several adjudicatees at a partition sale failing to consummate the adjudications by delivery of deed and payment of price, one of the plaintiffs in the partition suit proceeded against them by rule, making his coplaintiffs parties defendant to the rule. The adjudicatee of one of the lots joined in the prayer of the rule; the others contested, and so did the coplaintiffs in the partition suit made defendants in rule. *Held*, that between the adjudicatee, who had joined in the prayer of the rule, and the contesting coplaintiffs, defendants in rule, an issue was joined on the merits of the rule, and that the case could not be dealt with as it is stood simply between this adjudicatee and the plaintiff in rule.

2. SAME.

*Held*, further, that the proceeding was nothing more than a measure towards the execution of the judgment ordering the partition, and, as such, was a mere incident to the suit, and therefore properly instituted by rule, instead of by ordinary action.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; John Robert Davis, Judge ad hoc.

Action by Mrs. Alida Décuir, wife of Carlos St. Julien, and others, against Mrs. Célimene Décuir and others. Judgment for plaintiffs, and defendant Edward Simon appeals. Reversed as to appellant, and judgment rendered.

Edward Simon, in pro. per. Anthony N. Muller, for appellees.

PROVOSTY, J. A certain judgment ordered certain real estate to be divided into lots and sold for effecting a partition. The division was made, and the several lots were adjudicated at the partition sale. The present proceeding is a rule taken by one of the plaintiffs in the partition suit on the sheriff and the several adjudicatees at the partition sale to show cause why the adjudications should not be carried out. The parties who, in the partition suit, were the coplaintiffs of the plaintiff in the present rule, are made parties defendant to the rule. Some of them being minors, it was asked that a curator ad hoc be appointed to represent them, and this was done, and the curator qualified. He filed an answer, in which he alleged that he thought it would be to the interest of the minors that the adjudications be carried out. He asked, however, that a family meeting be held to advise on the subject. The meeting was held, and it advised favorably, and the proceedings were duly homologated. The other coplaintiffs in the partition suit, made defendants in rule, filed answers contesting the right to proceed by rule, and contesting the regularity of the partition sale, on the ground that, whereas, in the judgment in the partition suit the land was ordered to be divided into lots of 40 acres, some of the lots at the partition sale contained less than that number of acres.

One of the adjudicatees, Edward Simon, filed an answer acquiescing in the rule and

praying that it be made absolute. The other adjudicatees contested the rule, on the ground that the adjudications were null, because of irregularities in the partition suit. The judge said that the suit had been pending a very long time, reminding him of Jarndyce v. Jarndyce; that the lot No. 1, which had been adjudicated to the defendant Edward Simon, was worth a great deal more than the amount of the adjudication, and that, inasmuch as this fact seemed to have escaped the attention of the parties, and inasmuch as some of the parties were minors, whose interest it was the duty of the court to protect, and inasmuch as the adjudicatees seemed to have abandoned their rights by not tendering the price and demanding a deed from the sheriff, he would set aside the adjudications, and he, accordingly, did so.

From this judgment the defendant Edward Simon alone has appealed. He contends that the partition proceedings were regular, and furthermore that, inasmuch as the sale of each lot at the partition sale was a distinct and separate sale, and inasmuch as he acquiesced in the rule and consented that it be made absolute, there was, under the pleadings, nothing for the trial judge to do, so far as the lot No. 1 adjudicated to him was concerned, but to make the rule absolute.

The latter contention would have been well founded if the plaintiff in rule and the defendant Edward Simon had been the sole parties in interest, so as to be in a position to settle the matter among themselves by agreement. But the other plaintiffs in the partition suit had a right to be heard in the matter, and, when they came in by their answer to the rule and attacked the adjudication and asked that it be set aside, they in reality joined issue with the defendant Edward Simon. The case therefore must be dealt with from that standpoint.

The first question to be considered is whether, under the circumstances, it was allowable to proceed by rule. We think it was. The situation was that a judicial sale had been made; that, for some reason or other, the sheriff and the adjudicatees were neglecting to consummate the transaction; and that some steps had to be taken for bringing matters to an issue. This being the situation, any step that might be taken would be a mere incident to the suit, a mere proceeding in aid of the execution of the judgment, and such, therefore, as came within the proper function of a rule. Blair v. Taylor, 25 La. Ann. 144.

The next matter to be considered is the objection that some of the lots into which the land was divided contained less than 40 acres. For answering this objection, it suffices to state the facts. They are: That the partition judgment ordered the land to be "divided into fifty arpent lots or less if deemed proper by interested parties"; that the attorneys of plaintiffs and defendants in the partition suit agreed that the lots should be of less than 50 arpents; that the dividing of the property was left to an engineer, who made four lots, of which three were of 40 arpents and one of 38⅝ arpents; and that the sale was made accordingly, no one objecting.

In this court no appearance has been made by any one save the appellant, Edward Simon. However commendable may have been the motives of the learned judge a quo in seeking to protect the interest of the minors, which appeared to him to be about to be sacrificed, we are of opinion that the judgment must be set aside and the rule made absolute, in so far as lot No. 1 of the partition sale in question and the appellant, Edward Simon, is concerned.

It is therefore ordered, adjudged, and decreed that, in so far as concerns the appellant, Edward Simon, the judgment appealed from be set aside, and that there now be judgment making absolute the rule herein, in so far as the said Edward Simon and the lot No. 1 of the partition sale in question is concern-

·ed, and, accordingly, that the said Edward Simon is hereby ordered to comply with his bid at said sale by the payment to the sheriff ·of the sum of $275, upon the delivery, or tender, to him by the sheriff of a deed in due form to the said lot No. 1, and the ·sheriff of the parish of Iberia is ordered to make and tender to the said Edward Simon the said deed, the costs of this suit to be charged as part of the costs of the said partition suit.

BREAUX, C. J., takes no part.